# Expert Witness Agreements Between the Department of Justice and Employees of the Department of Veterans Affairs

As a general matter, employees of the Department of Veterans Affairs may enter into expert witness agreements with the Department of Justice for testimony that is unrelated to their official duties, so long as the requirements of 18 U.S.C § 205 are observed.

October 24, 1989

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
DEPARTMENT OF VETERANS AFFAIRS

This memorandum responds to your request for our opinion on the legality of agreements between the Department of Justice and employees of the Department of Veterans Affairs ("VA"), whereby VA employees agree to serve as expert witnesses on behalf of the federal government in return for the payment of expert witness fees.[1]

As described in your request, VA employees are sought as expert witnesses based on their expertise in a given field. You have indicated that the expected testimony would not constitute the performance of official duties, and has no relation to the VA or to the performance of official duties, either with the VA or any prior federal employer. You have further indicated that the VA does not object, as a general matter, to its employees providing expert testimony on their own time, and that it is contemplated that employees provide such testimony while on annual leave, on leave without pay or, if the employee in question is a part-time employee, outside the employee's regular time commitment to the VA.[2]

You indicated in your request that you believed that, on these facts, such expert witness agreements would be lawful.[3]

As set forth more fully below, we believe that such agreements, as a general matter, are lawful so long as the strictures of 18 U.S.C. § 205 are observed. Whether those requirements are satisfied in a given case must be determined in light of all the facts of that specific case.

---

[1] Letter for Edwin Meese, Attorney General, from Thomas K. Turnage, Administrator, Veterans Administration (May 20, 1988) ("Turnage Letter").

[2] Turnage Letter at 1 Based on your description, we do not consider herein the special rules that might apply were the expert witness to be a lawyer

[3] Turnage Letter at 1-2

## Discussion

Section 205 of title 18 of the United States Code governs in the case of federal employee-witnesses who testify otherwise than as part of their official duties. That section states in part:

> Whoever, being an officer or employee of the United States in the executive ... branch of the Government or in any agency of the United States, ... otherwise than in the proper discharge of his official duties —

> > (1) acts as agent or attorney for prosecuting any claim against the United States, or receives any gratuity, or any share of or interest in any such claim in consideration of assistance in the prosecution of such claim, or

> > (2) acts as agent or attorney for anyone before any department, agency, [or] court ... in connection with any proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other particular matter in which the United States is a party or has a direct and substantial interest —

> Shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

18 U.S.C. § 205.

Section 205(1) prohibits receipt of compensation for assisting in the prosecution of a "claim against the United States." Given that your request is limited to the legality of expert witness agreements pursuant to which VA employees give testimony on behalf of the federal government, section 205(1) would not apply.

Section 205(2) prohibits a government employee from serving as an "agent or attorney" in matters in which the United States is a party or has a substantial interest. We have opined with respect to this provision that "a witness, including an expert witness, would not be thought to act as 'agent or attorney' for another person within the ordinary meaning of those words." Letter for Arthur Kusinski, Assistant to the General Counsel, National Science Foundation, from Leon Ulman, Acting Assistant Attorney General, Office of Legal Counsel at 3 (May 13, 1976).[4]

---

[4] *See also* Bayless Manning, *Federal Conflict of Interest Law* 91 (1964) ("Under Section 205 it must be recalled that the government employee is not forbidden to render assistance short of acting as agent or attorney, or to receive compensation for it, unless it is in connection with a claim against the government "); Letter for Professor George A. Hay, from Leon Ulman, Deputy Assistant Attorney General, Office of Legal Counsel at 1 (Mar. 12, 1980) (appearance as an expert witness does not constitute "acting as agent or attorney" under the similar language of 18 U.S.C. § 207(a))

That opinion also observed, however, that expert witnesses sometimes play such important roles in the preparation and execution of cases that their involvement might well rise to the level of acting as "agent or attorney" within the meaning of section 205(2):

> In some cases, expert witnesses can be expected to do considerably more than testify — they can be the architects of the case in preparation of specialized studies, development of theories, etc. Such pre-trial involvement, coupled with testimony at trial, might well rise to the level of acting as "agent or attorney" within the meaning of 18 U.S.C. § 205(2).

*Id.* at 4 n.3.

We do not interpret that opinion as suggesting that serving as an expert witness, by itself, can provide a basis for invoking the prohibitions of section 205. Rather, for the statute to apply, the expert witness must assume additional duties and functions beyond those associated with the preparation and offering of the expert testimony. Accordingly, employees of the VA serving as expert witnesses should avoid becoming so intimately involved with the preparation of a case as to suggest that they were serving as "agents or attorneys."

Section 5537 of title 5 is more problematic, however. Section 5537(a) provides that federal employees

> may not receive fees for service —
>
> (1) as a juror in a court of the United States or the District of Columbia; or
>
> (2) as a witness on behalf of the United States or the District of Columbia.

Interpretation of this provision turns largely on what Congress intended by "fees for service … as a witness." The legislative history of section 5537 is of limited usefulness on this point.

As an initial matter, we note that you have construed the phrase as referring to the statutory witness fee, paid by the court to any witness for attendance.[5] Although this Office has never directly addressed the question, one of our opinions evidently assumes that is the proper construction of the phrase. Letter for Congressman John S. Wold, from Thomas E. Kauper, Acting Assistant Attorney General, Office of Legal Counsel at 2 (Dec. 2, 1969). The treatment of witness fees in the same section dealing with juror fees supports that interpretation. *See also*

---

[5] Turnage Letter at 2.

Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2678 (1983).

Even if "fees for service ... as a witness" is interpreted to include expert witness fees, however, we do not believe that expert witness fees are necessarily barred in all cases. As noted in your request,[6] Congress evidently viewed section 5537(a)(2) as a "corollary of the provision included by this bill in 5 U.S.C. § 6322(b)(1) [that] an employee performing this type of service is performing official duty." S. Rep. No. 1371, 91st Cong., 2d Sess. 9 (1970). Section 6322(b), in turn, defines the circumstances under which a federal employee witness will be deemed to be "performing official duty." Those circumstances, for present purposes, are limited to those in which the employee is "summoned, or assigned by his agency" to testify or produce official records on behalf of the United States or the District of Columbia. 5 U.S.C. § 6322(b)(1). Because this provision speaks of "being summoned" or "being assigned by the employee's agency," we believe that the definition contained in section 6322(b)(1) would not include the type of voluntary arrangement described in your request.[7]

Accordingly, we agree with your view that when an employee-witness is performing official duty as defined in 5 U.S.C. § 6322(b)(1), then pursuant to 5 U.S.C. § 5537(a)(2) he is not to receive witness fees. That interpretation is entirely consistent with the principle that public employees may not receive additional compensation for the performance of official duties. However, in those circumstances in which the expert testimony does not constitute the performance of official duty under section 6322, we believe the "corollary" ban on the receipt of fees imposed by section 5537 does not apply.

## Conclusion

Based upon the general facts provided in your request, we are aware of no statute that would prohibit a VA employee from entering into an expert witness agreement of the type you have described, so long as the requirements of 18 U.S.C. § 205 are observed.

JOHN O. McGINNIS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[6] *Id.*

[7] Section 6322(b)(2) applies to those situations in which an employee is summoned or assigned by his agency to "testify in his official capacity or produce official records on behalf of a party other than the United States or the District of Columbia," and thus is not relevant here

320